IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT D. GILLARD                                                                                      PLAINTIFF

v.                                        Case No. 4:23-cv-04037

CORRECTION OFFICER DICK WALKER;
SERGEANT HINES; CORRECTION OFFICER CRANE;
and CORRECTION OFFICER COOKSEY                                                  DEFENDANTS

## ORDER

Plaintiff, Robert D. Gillard, submitted this 42 U.S.C. § 1983 action *pro se* on April 5, 2023 along with an application to proceed *in forma pauperis* ("IFP Application"). ECF Nos. 1, 2. The Court granted Plaintiff's IFP Application the same day. ECF No. 3. Currently before the Court is Plaintiff's failure to comply with orders of the Court.

On May 5, 2023, the Court ordered Plaintiff to amend his Complaint. ECF No. 6. Plaintiff was directed to submit this amended complaint by May 26, 2023. *Id*. This order was not returned as undeliverable mail, and Plaintiff failed to respond with his amended complaint. On May 30, 2023, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to file his amended complaint. ECF No. 7. This Order was not returned as undeliverable mail, and Plaintiff failed to respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

1

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Orders of the Court, and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of August, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge